**COMMISSIONER OF INTERNAL REVENUE v. PETROLEUM RECLAMATION CO.**

**SAME v. PETROLEUM RECLAMATION CORPORATION.**

Nos. 5471, 5472.

Circuit Court of Appeals, Third Circuit.

Dec. 20, 1934.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., for petitioner.

Raymond B. Goodell, of New York City, for respondents.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

These tax cases, tried, argued, and disposed of as one, depend on their own particular pertinent facts, which are as follows: The Petroleum Reclamation Corporation (hereafter called Reclamation Corporation) was organized April 28, 1926. It thereupon acquired all the stock of the Petroleum Reclamation Company (hereafter called Reclamation Company) and all the stock of the Looker Oil Company (hereafter called Looker). For the balance of the year Reclamation Corporation operated the properties of Reclamation Company and Looker, and thereon made a profit of $41,913.60. From January 1, 1926, to April 28, 1926, Reclamation Company operated its property at a loss of $3,970.17; and during the same period Looker operated its property at a loss of $8,232.30. On its income return for 1926, Reclamation Corporation sought to reduce its gain of $41,913.60 by deduction therefrom of the loss made by Reclamation Company ($3,970.17), from January 1, 1926, to April 28, 1926, and the loss made by Looker ($8,232.30), from January 1, 1926, to April 28, 1926. The Commissioner refused to so allow; the Board of Tax Appeals overruled him; hence this appeal by the Commissioner.

The basic fact is that as Reclamation Corporation, the taxpayer, only came into being April 28, 1926, its income arose only from its operation for the rest of the year. With the prior operations, losses, or profits

190

of Reclamation Company and Looker, it had, and could have, no concern. And likewise, the operations, losses, and profits of these two companies concerned themselves alone with, and their income for that period was based solely on, their operations during that period, for the Reclamation Corporation not only did not own their stock, but had no interest therein, and indeed did not exist. Such was the actual situation, and, without discussing the maze of cases involving questions of individual or joint returns, we hold that in the situation here existing the Commissioner was right in refusing to allow Reclamation Corporation to deduct from the income arising from its subsequent profitable operations and to be made tax free by the losses incurred by companies prior to Reclamation Corporation's existence, for, to use the language of the Supreme Court in Woolford Realty Co., Inc., v. Rose, 286 U. S. 329, 330, 52 S. Ct. 568, 570, 76 L. Ed. 1128, "a different ruling would mean that a prosperous corporation could buy the shares of one that had suffered heavy losses and wipe out thereby its own liability for taxes." So holding, the order of the Board is reversed.